# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> TROY PATTERSON, ) <br> ) <br> Defendant. ) <br> ) | Criminal Action No. 2019–0016 |

**Attorneys:**
**Melissa P. Ortiz, Esq.**
St. Croix, U.S.V.I.
   *For the United States*

**Michael A. Rogers, Esq.**
St. Croix, U.S.V.I.
   *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Troy Patterson's ("Defendant" or "Patterson") "Motion to Suppress" (Dkt. No. 20); the Government's Opposition to the Motion to Suppress ("Opposition") (Dkt. No. 25); and the evidence and arguments presented at the suppression hearing. For the following reasons, the Court will deny the Motion to Suppress.

### I.    BACKGROUND

On October 1, 2019, a grand jury returned an Indictment against Defendant charging him with possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count 1); possession of marijuana plants with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1)(B)(vii), (b)(1)(D) (Count 2); possession of marijuana with intent to distribute,

in violation of 21 U.S.C. §§ 841(a)(1)(B)(vii), (b)(1)(D) (Count 3); maintaining drug-involved premises, in violation of 18 U.S.C. § 856(1) (Count 4); carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 5); and fugitive in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count 6) (Dkt. No. 13).[1]

On October 28, 2019, Defendant filed a Motion to Suppress. At the subsequent suppression hearing, the Government introduced two exhibits: (1) the affidavit in support of a search warrant by Virgin Islands Police Department ("VIPD") Task Force Officer David Wyrzykowski ("TFO Wyrzykowski"), who is assigned to the St. Croix High Intensity Drug Trafficking Area Task Force ("HIDTA") and has participated in multiple drug investigations (Gov't Ex. 1) ("Wyrzykowski Affidavit"); and (2) the Search and Seizure Warrant issued by U.S. Magistrate Judge George W. Cannon, Jr. (Gov't Ex. 2). The following evidence emerged from the hearing.[2]

According to the Wyrzykowski Affidavit, in June 2019, Drug Enforcement Agency ("DEA") Special Agent Latchman ("SA Latchman") interviewed a Source of Information ("SOI"), who wishes to remain anonymous. (Wyrzykowski Aff. at 3). The SOI provided information concerning alleged criminal activity involving an individual known to the SOI as "Troy Patterson," as confirmed by a positive identification from Defendant's driver's license. *Id*. The SOI alleged that:

    a. PATTERSON has configured a portion of his residence to cultivate marijuana.

---

[1] Prior to filing the Indictment, the Government commenced this action by filing a Criminal Complaint on September 18, 2019. (Dkt. No. 1). The Government also filed an Amended Complaint on September 18, 2019. (Dkt. No. 4).

[2] The Court bases the background factual discussion in this section on the record established at the suppression hearing. The Court provides this information solely for the purposes of this pretrial motion, ever mindful that Defendant is presumed innocent until proven guilty. Most of the facts discussed herein are alleged, but at this stage not conceded or proven beyond a reasonable doubt to the factfinder.

b. PATTERSON's residence is located in the Estate Anna's Hope area of Christiansted, St Croix, USVI.
c. There are between 100 & 200 marijuana plants being cultivated in a room connected to PATTERSON's residence.
d. PATTERSON's residence is yellow with wooden shutters and is surrounded by shrubs. There is a detached shed in the back yard. Patterson keeps all of the exterior window shutters closed to conceal his marijuana cultivation operation.
e. SOI stated that PATTERSON is the source of marijuana supply for an individual confirmed by Law Enforcement Officers to be a local dealer of retail amounts of marijuana and cocaine.

*Id.* at 3-4.

The Wyrzykowski Affidavit further indicates that law enforcement subsequently investigated the SOI's allegations. *Id.* at 4-6. The investigation involved a review of records; law enforcement surveillance of Patterson and his residence; and use of a DEA Airwing Unit to take aerial photographs. *Id.* at 4. Patterson's Virgin Islands Driver's license lists 81 Estate Anna's Hope (the "Residence") as his address. *Id.* at 3. Law enforcement observed Patterson exiting the Residence and getting into a minivan currently registered to Patterson with 81 Estate Anna's Hope as the address of record. *Id.* at 4. The Residence is owned by Ray W. Sewer. *Id.* at 2. There is a previous 2015 rental listing for the Residence via the Calabash Realty website with photographs of the Residence, including a visible greenhouse attached to the rear of the main residential structure. *Id.* The Virgin Islands Water and Power Authority ("WAPA") provided information to law enforcement confirming that the electrical subscriber of record for the Residence was Patterson. *Id.* National Crime Information Center ("NCIC") queries revealed that Defendant was arrested for wrongful use of cocaine in Maryland in 1993, but received a non-judicial sentence of diversion, and that there is an outstanding felony arrest warrant for Defendant from Oregon in 2004—active as of August 15, 2019—for possession of ecstasy, possession of cocaine, unlawful cultivation of marijuana, and failure to appear. *Id.* Law enforcement also reviewed phone toll

records between Patterson and the alleged local drug dealer and confirmed that they had been in contact. *Id.* at 4.

The Wyrzykowski Affidavit also details that aerial passes and the resulting photographs of the Residence taken by officers in the DEA Airwing Unit on August 19, 2019 reveal two large air conditioning condensers—commonly used in marijuana cultivation operations—on an exterior wall of an outbuilding in the rear of the Residence; multiple compressed gas containment bottles that are commonly used by marijuana cultivators to hold carbon dioxide, which induces faster plant growth; and large black plastic pots and large pot-shaped soil "clumps" that are highly indicative of cultivation. *Id.* at 4-6.

Based on the SOI's tip and the subsequent independent investigation by law enforcement, TFO Wyrzykowski applied for, and was granted, a search warrant by Magistrate Judge George W. Cannon, Jr., on September 13, 2019. *See id.* at 7-8; Gov't Ex. 2. The warrant authorized a search for firearms, narcotics, drug paraphernalia, currency, phones, documents, and other physical evidence relating to the crime of drug trafficking. (Wyrzykowski Aff. at 8–9).[3]

In his Motion to Suppress, Defendant argues that the Court should suppress the evidence discovered from the search because the search warrant was not supported by probable cause. (Dkt. No. 20 at 1). Defendant contends that the search warrant was unsupported because "the major source of information in the search warrant's affidavit can be attributed to a confidential source of information." *Id.* at 3. Defendant argues that "the information the anonymous tip provided was [not] reliable… [and] there was [no] other credible indicia of wrong doing set forth in the affidavit

---

[3] DEA special agents and task force officers executed the search warrant on September 18, 2019 at approximately 6:00 a.m. The search resulted in the seizure of 301 marijuana plants, various quantities of packaged marijuana, suspected cocaine, an undetermined amount of United States currency, and a loaded Taurus .38 firearm and additional ammunition. (Dkt. No. 4-1 at 1).

which would lead to the conclusion that there were illegal items to be found at Mr. Patterson's residence." *Id*. at 3-4. According to Defendant, a key failure of the confidential informant's tip is that it "contains no internally corroborating detail …." *Id*. at 5-6. Therefore, Defendant maintains that the Court should suppress the evidence seized pursuant to the search warrant.

The Government responds that the informant's tip was both reliable and corroborated. (Dkt. No. 25 at 5-7). The Government argues that the affidavit stated that although "the SOI did not yet have a history of providing information in criminal matters to law enforcement 'nearly every point of information provided by the SOI had been proven accurate in full or in part by the corroborative investigations of Law Enforcement Officers.'" *Id.* at 6 (quoting Wyrzykowski Aff. at 6). The Government further argues that, even if the Court finds that the affidavit was insufficient to establish probable cause, the Court should find that the good faith exception applies, and the evidence should not be excluded. *Id.* at 7. Thus, the Court should deny the Motion to Suppress. *Id.* at 8.

## II. DISCUSSION

### A. Applicable Legal Principles

The Fourth Amendment protects individuals from "unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment further "provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'" *United States v. Franz*, 772 F.3d 134, 145 (3d Cir. 2014) (quoting U.S. Const. amend. IV). "The requirements for a warrant to be properly issued under federal law are that it must have been issued by a neutral and detached magistrate, and it must have been based on probable cause." *United States v. Katzin*, 94 F. App'x 134, 138 (3d Cir. 2004). To conclude that an application for a search warrant is supported by probable cause,

5

the magistrate must determine that there is a 'fair probability that ... evidence of a crime will be found in a particular place.'" *United States v. Zimmerman*, 277 F.3d 426, 432 (3d Cir. 2002) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). The warrant itself must "describe the things to be seized with sufficient particularity and be no broader than the probable cause on which it is based." *Id*. (quotations omitted).

When a magistrate judge's probable cause determination is challenged, a district court must "determine whether the magistrate who issued the warrant had a 'substantial basis' for determining that probable cause existed," paying "great deference" to the magistrate judge's decision. *Zimmerman*, 277 F.3d at 432 (quoting *United States v. Harvey*, 2 F.3d 1318, 1322 (3d Cir. 1993)). The determinative question is whether "a 'practical, commonsense decision [was made] whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime [would] be found in a particular place.'" *Id.* (quoting *Gates*, 462 U.S. at 238); *see also United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001). "The issuing judge or magistrate may give considerable weight to the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found and is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000) (citations omitted).

"A magistrate may issue a warrant relying primarily or in part upon the statements of a confidential informant, so long as the totality of the circumstances gives rise to probable cause." *United States v. Stearn*, 597 F.3d 540, 555 (3d Cir. 2010). "[I]ndependent police corroboration of details of an informant's tip is an important method for establishing a tip's reliability." *Id.* (citing *Gates*, 462 U.S. at 241) (quotations omitted). Where police observe "seemingly innocent activity,"

the corroboration is sufficient for that activity to "bec[o]me suspicious in light of the initial tip." *Id.* at 556 (quoting *Gates*, 462 U.S. at 243 n.13).

If law enforcement executed a warrant that the court later finds was unsupported by probable cause, the court should not suppress evidence seized under that invalid warrant unless "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. Leon*, 468 U.S. 897, 922 n.23 (1984). The Third Circuit has found that there are four reasons for which an officer's reliance on a warrant would not be reasonable and thus fail the good faith exception:

1. when the magistrate judge issued the warrant in reliance on a deliberately or recklessly false affidavit;
2. when the magistrate judge abandoned his judicial role and failed to perform his neutral and detached function;
3. when the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or
4. when the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

*Hodge*, 246 F.3d at 308 (citations and quotations omitted).

### B. Analysis

#### 1. Probable Cause

In the instant case, Defendant challenges the determination made by the Magistrate Judge that TFO Wyrzykowski's Affidavit provided probable cause for issuance of the Search and Seizure Warrant. Defendant argues that the confidential informant's tip was not reliable or corroborated. For the reasons that follow, the Court disagrees.

As set forth in his affidavit, TFO Wyrzykowski relied on a tip from a confidential informant who alleged that Defendant grew marijuana at his residence. Here, the four corners of the

7

Wyrzykowski Affidavit provide sufficient information to determine that the SOI's tip was reliable based on corroboration by law enforcement.

According to the Wyrzykowski Affidavit, the confidential informant identified Defendant and alleged that: (1) Patterson grew marijuana at the Residence; (2) the Residence was located in the Estate Anna's Hope area of Christiansted, St. Croix; (3) there were between 100 and 200 marijuana plants being cultivated in a room connected to the Residence; (4) the Residence is yellow, is surrounded by shrubs, has a detached shed, and has wooden shutters—with all of the exterior window shutters kept closed to conceal the marijuana cultivation; and (5) Patterson is the source of marijuana supply for an individual that law enforcement officers know to be a local dealer of marijuana and cocaine. *See* Wyrzykowski Aff. at 3-4. Law enforcement investigated the confidential informant's tip that the Residence was being used by Defendant as a grow house. The investigation included aerial photographs and an analysis of the photographs by a law enforcement officer with particularized skill in drug investigations. *Id.* at 4-6. The Court finds that the investigation corroborated key parts of the confidential informant's tip such that the Magistrate Judge had a "substantial basis" for concluding that there was probable cause that criminal activity was taking place at the Residence.

First, the confidential informant claimed that Defendant lived "in the Estate Anna's Hope area." *Id.* at 3. Law enforcement confirmed the SOI's tip regarding the Defendant's connection to the location of the alleged marijuana grow house by examining his driver's license, his electric bill, and his vehicle registration. *Id.* at 2-3. Each of these identify Defendant as residing at 81 Estate Anna's Hope. *Id.* Additionally, upon investigation, a law enforcement officer observed Defendant exit the Residence and get into the vehicle that is registered to him. *Id.* at 4. The Court concludes

that law enforcement's investigation corroborated Defendant's connection to the Residence, as alleged by the confidential informant.

Additionally, the confidential informant demonstrated knowledge of the Residence itself, which law enforcement corroborated through independent investigation. The SOI stated that the Residence has wooden shutters, is surrounded by shrubs, and that all of the exterior window shutters of the residence are kept closed to conceal the marijuana operation. *Id.* at 4. Further, the SOI described a detached shed in the back yard of the property. *Id.* These aspects of the Residence were corroborated by the aerial photographs taken of the Residence. *Id.* at 4-5. The photographs confirmed that there was a detached shed, vegetation surrounding the Residence, and that the storm shutters on the exterior windows were closed, with limited exceptions. *Id.*[4]

Further, law enforcement officers, through their independent investigation, found indicia of marijuana cultivation that corroborates the SOI's allegations and contributes to the finding that the SOI's tip was reliable. The SOI alleged that Defendant cultivated 100-200 marijuana plants at the Residence. (Wyrzykowski Aff. at 4). TFO Wyrzykowski, an officer with substantial experience in investigations of drug trafficking organizations and narcotics investigations, believed that the Residence was being used for indoor cultivation of marijuana. *Id.* at 1, 7-9. According to TFO Wyrzykowski, the investigation—provided in large part from the aerial photographs taken by the

---

[4] Because the investigation showed that there were open shutters in two rooms, this does not conform exactly with the SOI's tip that "all" of the exterior shutters were closed. Similarly, defense counsel argued at the suppression hearing that the SOI's tip was unreliable because the SOI alleged that marijuana plants were "being cultivated in a room connected to PATTERSON's residence," Wyrzykowski Aff. at 4, whereas the outbuilding law enforcement believed to be the site of the grow operation "is situated behind the main residence," *id.* at 5. The Court is not convinced that either of these minor discrepancies renders the SOI's tip unreliable, as there is no requirement that a confidential informant be infallible. *See Gates*, 462 U.S. at 245 n.14 (finding probable cause despite minor inaccuracy in an informant's tip). Moreover, corroboration of the SOI's tip by law enforcement is viewed in the context of the totality of the circumstances.

DEA Airwing Unit passing over the Residence on August 19, 2019—lays out multiple indicators of indoor cultivation of marijuana. *Id.* at 4-6. There were no air conditioning units on the main house of the Residence but two large air conditioner condensers on an outbuilding which is "highly indicative of this rear structure, Outbuilding 1, being utilized to cultivate marijuana." *Id.* at 7. Such condensers are "consistent with what [are] commonly utilized to regulate room temperature in hydroponic/indoor marijuana cultivation operations." *Id.* Further, there were "large black plastic pots" in "close proximity," and "large pot-shaped soil clumps [that] are highly indicative of a [marijuana] cultivation operation." *Id.* Additionally, there were "multiple gas containment bottles" observed on the property that are "consistent with 35-60 pound bottles commonly utilized by Marijuana cultivators to hold Carbon Dioxide (CO2) which is utilized to induce faster plant growth" and are shaped differently from "those commonly used to contain breathable compressed air utilized in underwater diving." *Id.* at 6. Although defense counsel argued at the suppression hearing that (1) the air conditioners and clumps of soil were indications of gardening, and (2) the CO2 containment bottles could be used for SCUBA diving—as opposed to illegal activity—the Magistrate Judge "may give considerable weight to the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found." *Whitner*, 219 F.3d at 296. Moreover, "seemingly innocent activity" may become "suspicious in light of the initial tip." *Stearn*, 597 F.3d at 556 (quoting *Gates*, 462 U.S. at 243 n.13).

Finally, law enforcement officers obtained sufficient information regarding the confidential informant's allegation that Defendant sold the marijuana to a known drug dealer through independent investigation. The SOI alleged that Defendant was the marijuana source for a known local drug dealer. (Wyrzykowski Aff. at 4). According to TFO Wyrzykowski's Affidavit, law enforcement knew this individual to be a "local dealer of retail amounts of marijuana and

cocaine." *Id.* Law enforcement officers corroborated a connection of Defendant to this individual through phone toll records of both Defendant and the local drug dealer. *Id.*

Accordingly, the Court finds that the confidential informant's tip was sufficiently corroborated by law enforcement's independent investigation. Thus, the Magistrate Judge had a "substantial basis" within the four corners of the Wyrzykowski Affidavit for concluding that there was probable cause to find evidence of a marijuana grow operation at the Residence.

### 2. Good Faith Exception

Even if the Magistrate Judge lacked a sufficient basis for his probable cause determination—which the Court concludes he did not—that would not be a sufficient basis upon which to exclude the evidence at issue under the circumstances here. In the instant case, there is no evidence that the affidavit was deliberately or recklessly false, that the Magistrate Judge abandoned his neutral role, or that the warrant was facially deficient with regard to the particularity requirement. *See Hodge*, 246 F.3d at 308 (citations and quotations omitted) (describing the circumstances where a reasonable officer could not rely upon a warrant). Nor was the affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* (citations and quotations omitted).

In the latter regard, given that the Wyrzykowski Affidavit details the SOI's allegations and the independent investigation corroborating that tip, there is no basis for concluding that "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Leon*, 468 U.S. at 922 n.23. Specifically, the SOI's information alleged that Defendant was growing and supplying marijuana, that he resides at the Residence, and that there were 100-200 marijuana plants being cultivated at the Residence. (Wyrzykowski Aff. at 3-4). The independent law enforcement investigation confirmed Defendant's association with the

Residence and that there were certain indicators of a marijuana grow operation on the property, such as air conditioning units, large pots and pot-shaped soil clumps, and several gas containment bottles. Further, the SOI stated that Defendant was the marijuana source for an individual, and independent investigation by law enforcement confirmed that the individual was a known dealer of retail amounts of marijuana and cocaine, and that Defendant and the individual were in phone contact. *Id.* at 4. According to TFO Wyrzykowski, based on the investigation and his experience, there was probable cause to search the Residence for evidence of marijuana cultivation. *Id.* at 8. Where a confidential informant alleges that marijuana is being cultivated, independent investigation confirms that there are indications of marijuana cultivation, and an experienced task force officer believes that evidence of criminal activity would be found, law enforcement's reliance upon this information to justify a search was not "entirely unreasonable." *See Hodge*, 246 F.3d at 308.

Under the circumstances here, the Court concludes that it was reasonable for officers to rely on the information in the Wyrzykowski Affidavit as appropriate justification for a search of the Residence. Thus, even if the Court had found that the Magistrate Judge lacked a "substantial basis" for concluding that probable cause existed for the issuance of a search warrant, the good faith exception would apply.

### III.   CONCLUSION

For the reasons set forth above, the Court finds that the Magistrate Judge had a substantial basis for determining that probable cause existed to support a warrant to search the Residence.

Even in the absence of such a finding, the good faith exception under *Leon* would apply to the search of the Residence. Accordingly, the Court will deny Defendant's Motion to Suppress.

An appropriate Order accompanies this Memorandum Opinion.

Date: March 9, 2020

                                                                                                       _____/s/_____
                                                                                                      WILMA A. LEWIS
                                                                                                      Chief Judge